UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARLTON D. MALONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:14-cv-00355-JMS-DKL |
| | ) |
| VIGO COUNTY GOVERNMENT, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Presently pending before the Court is Plaintiff Carlton D. Malone's Motion for Leave to File Amended Complaint, [Filing No. 54], to which Defendant Vigo County Government ("Vigo County") objects, [Filing No. 55]. To put Mr. Malone's request in context, the Court will first set forth the procedural history of this action.

On November 17, 2014, Plaintiff Carlton D. Malone filed his Complaint against Vigo County, alleging "that he has been discriminated against based on his race and age and retaliated against for engaging in protected activities." [Filing No. 1; Filing No. 4 (screening order).] Mr. Malone alleges that his claims stem from more than eleven unsuccessful job applications between December 2012 and July 2014, a picketing incident in June 2011, and meetings with various Vigo County officials from 2012 to 2014. [Filing No. 1 at 1-3.]

The dispositive motions deadline in this action was initially set for October 8, 2015. [Filing No. 17.] None of the parties filed a dispositive motion, and the case was set for trial in June 2016. [Filing No. 23; Filing No. 30.] Pursuant to a Court Order in anticipation of trial, [Filing No. 27], Vigo County stated that it understood Mr. Malone's action to be "a race and age discrimination claim based on failure-to-hire" him. [Filing No. 28 at 1.] Mr. Malone responded to that filing,

stating that his retaliation claims were based on Vigo County's alleged "pattern of practice against plaintiff in alleged retaliation of his protected activities in failure to hire him." [Filing No. 32 at 1.] He also asserted that his age and race discrimination claims were based on not hiring him for certain positions. [Filing No. 32 at 1.] Mr. Malone did state that he intended to add claims based on alleged "continual harassment and retaliation from defendant from 12/6/14 to 3/10/16." [Filing No. 32 at 2.] Mr. Malone also noted that he "would like to add The Vigo County School Corporation as a defendant." [Filing No. 32 at 2.]

On May 13, 2016, Vigo County moved to reopen discovery and dispositive motions deadlines. [Filing No. 47.] The Court granted that motion over Mr. Malone's objection, and set new case management deadlines, including that "[a]ny motions for leave to amend add new parties shall be filed on or before June 3, 2016." [Filing No. 47 at 1.] Mr. Malone later sought an extension of that deadline to July 20, 2016, [Filing No. 49], and the Court granted him the requested extension, noting that "[t]his deadline is firm and will not be extended." [Filing No. 50.]

On July 20, 2016, Mr. Malone filed an Amended Complaint without asking for leave to do so. [Filing No. 51.] The Court issued an Order stating that because Mr. Malone did not move for leave to file the Amended Complaint, the Court would "not consider it" at that time. [Filing No. 52.] Instead, the Court gave Mr. Malone until August 4, 2016 to move for leave to amend his complaint. [Filing No. 52.]

On August 4, 2016, Mr. Malone filed his Motion for Leave to File Amended Complaint. [Filing No. 54.] Mr. Malone moves to amend his complaint pursuant to Federal Rule of Civil Procedure 15 to add multiple new parties and new claims to this litigation. [Filing No. 54; Filing No. 51 (proposed amended complaint).] He asserts that leave should be granted to add the Vigo County School Corporation and its Board of Directors and Superintendent based on

2

representations by defense counsel during a status conference. [Filing No. 54 at 1.] Mr. Malone seeks to allege claims against the Vigo County School Corporations Superintendent because of alleged adverse actions during 2015-2016 Terre Haute South basketball games and claims against the Vigo County CASA Program from allegedly retaliating against him in February 2016 after learning of this lawsuit. [Filing No. 54 at 1-2 (citing treatment during the 2015-2016 Terre Haute South basketball season); Filing No. 51 at 3 (representing that he was hired to work as a CASA volunteer in February 2016 but later terminated).]

Defendant Vigo County Government objects to Mr. Malone's Motion for Leave to Amend Complaint. [Filing No. 55.] It contends that Mr. Malone's proposed amendments are futile and seek to add parties without articulating any allegations against them. [Filing No. 55.]

Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave when justice so requires." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). A district court has "broad discretion to deny leave to amend" under appropriate circumstances. *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

The Court "should question" a pleading that joins multiple defendants and distinct claims into a single suit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so."). The controlling principle appears in Federal Rule of Civil Procedure 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." But joinder of defendants in one action is "proper only if there is asserted against them jointly, severally, or in the alternative,

any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." *George*, 507 F.3d at 607 (citing Fed. R. Civ. Pro. 20(a)). In short, unrelated claims against different defendants belong in different suits. *George*, 507 F.3d at 607.

      Mr. Malone's original Complaint attached a list of eleven positions for which he applied with Vigo County between December 2012 and July 2014. [Filing No. 1-2.] Mr. Malone's claims in this action—as confirmed by his filing more than fifteen months later—focus on the alleged discrimination and retaliation he alleges that he suffered from not being hired by Vigo County for those positions. [*See* Filing No. 32 at 1.] While the Court recognizes that discovery was reopened and a new dispositive motions deadline was set after the June 2016 trial date was vacated, [Filing No. 47], that did not give Mr. Malone an opportunity to insert claims into this litigation that are unrelated to the claims on which his Complaint is based. It is apparent from Mr. Malone's Motion to Amend that this is what he is trying to do. Specifically, Mr. Malone tries to add parties and claims stemming from alleged treatment that occurred long after he initiated this litigation in November 2014. [Filing No. 54 at 1 (citing treatment during the 2015-2016 Terre Haute South basketball season); Filing No. 51 at 3 (representing that he was hired to work as a CASA volunteer in February 2016 but later terminated).] Allowing Mr. Malone to pursue those claims in this litigation would violate the Federal Rules of Civil Procedure. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006) ("Misjoinder . . . occurs when there is no common question of law or fact or when, as here, the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction."). To the extent that Mr. Malone seeks to amend his complaint to make additional factual allegations regarding the unsuccessful job applications on which his Complaint is based, such amendment is unnecessary because of federal notice pleading. *See* Fed. R. Civ. Pro.

8(a) (providing that a pleading that states a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief").

For the reasons stated herein, the Court **DENIES** Mr. Malone's Motion for Leave to File Amended Complaint. [Filing No. 54.] Accordingly, the Court is directed to **STRIKE** the Amended Complaint that Mr. Malone filed without seeking leave to do so. [Filing No. 51.] Mr. Malone's original Complaint, [Filing No. 1], remains the operative pleading in this litigation, and dispositive motions remain due by November 4, 2016, [Filing No. 47].

Date: 9/13/2016

*signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

CARLTON D. MALONE
2390 7th Ave.
Terre Haute, IN 47803

**Distribution via CM/ECF:**

Craig Morris McKee
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
cmmckee@wilkinsonlaw.com

Michael James Wright
WRIGHT SHAGLEY & LOWERY, PC
mwright@wslfirm.com